**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID RANDALL SMITH AND VICKY SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-02-1450-HE |
| STRONGBUILT, INC., a Louisiana corporation, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs David Randall Smith and Vicky Smith filed this diversity action to recover for injuries Mr. Smith sustained when a ladder tree stand he was in the process of disassembling broke. They initially sued the manufacturer, Strongbuilt, Inc., and subsequently added two defendants — the company that sold the product to Mr. Smith, Outdoor Outfitters, and Strongbuilt's insurer, Atlantic Insurance Company ("Atlantic").[1]

Atlantic has filed a motion to dismiss, contesting its joinder. Atlantic asserts that, because this is a diversity action, the forum's choice of law rules apply. It argues Oklahoma applies its law to procedural or remedial issues and that the Louisiana direct action statute, which is the basis for plaintiffs' claim against it, is procedural, hence making the Louisiana statute inapplicable. Because Oklahoma law does not permit a defendant's insurer to be sued directly by a plaintiff, Atlantic contends it cannot be added to this litigation.[2]

Atlantic argues alternatively that even if the Louisiana statute is considered to be substantive, rather than procedural, under Oklahoma's choice-of-law rules Oklahoma's

---

[1]*This action was stayed for approximately eighteen months due to Strongbuilt's bankruptcy filing.*

[2]*Several Oklahoma statutes authorize direct actions against insurers, including Oklahoma's uninsured motorist statue.* <u>Daigle v. Hamilton</u>*, 782 P.2d 1379, 1381 (Okla. 1989). However, none appear to extend to the circumstances present in this case.*

substantive law would apply because it has the most significant relationship to the case. Policy considerations, Atlantic contends, weigh in favor of application of Oklahoma law.

Plaintiffs assert that Mr. Smith filed a proof of claim in the Strongbuilt bankruptcy. They claim the confirmed Chapter 11 Plan modified the automatic stay[3] to permit Smith to pursue his claim against Strongbuilt's insurer under the Louisiana Direct Action Statute. The statute applies here under pertinent choice of law principles,[4] plaintiffs argue, because Atlantic issued the policy in Louisiana to a Louisiana resident.

In the circumstances of this case, the court concludes applicable choice of law principles permit plaintiffs to assert rights under the Louisiana direct action statute. In making a choice of law determination,

> [a] federal court sitting in diversity must engage in a two-step inquiry. *See* Servicios Comerciales Andinos, S.A. v. General Electric Del Caribe, Inc., 145 F.3d 463, 479 (1st Cir. 1998). First, the court must determine whether a particular matter is procedural or substantive for Erie Railroad Co. v. Tompkins purposes. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If the matter is procedural, then federal law applies; if the matter is substantive, then the court follows the law of the forum state. *See* Erie, 304 U.S. at 78 (holding that federal court sitting in diversity must apply state substantive law).

Boyd Rosene and Assocs., Inc. v. Kansas Mun. Gas Agency, 174 F.3d 1115, 1118 (10th Cir. 1999). While the Louisiana direct action statute has been "characterized as procedural for some purposes and substantive for others," Shockley v. Sallows, 615 F.2d 233, 238 (5th Cir.

---

[3]*The Chapter 11 Plan was modified to clarify that claimants may pursue Atlantic under the direct action statute "to the extent permitted by state law." See Exhibit 4 to plaintiffs' brief. The Court views this modification as eliminating any argument that the Plan afforded some alternate basis (i.e. different from normal choice of law principles) for applying the Louisiana statute.*

[4]*The Louisiana statute permits an injured person to sue a liability insurer for damages he has sustained regardless of whether a judgment has been obtained against the insured. La.Rev.Stat.Ann. § 22:655. The action may be brought against the insurer alone when the insured is insolvent, has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings have been commenced to adjudge the insured a bankruptcy. Id.*

1980), the court concludes it should be considered substantive within the meaning of Erie. *See id*.; Utz v. Nationwide Mut. Ins. Co., 619 F.2d 7, 9 at n.1 (7th Cir. 1980); Richards v. Select Ins. Co. Inc., 40 F.Supp.2d 163, 167 (S.D.N.Y.1999).

Having determined that the matter is substantive for Erie purposes, the court next "looks to the substantive law of the forum state, including its choice of law principles, to determine the applicable substantive law." Boyd Rosene and Associates. Inc., 174 F.3d at 1118. As the two steps are distinct inquiries, "what is substantive or procedural for Erie purposes is not necessarily substantive or procedural for choice-of-law purposes." *Id*. Under Oklahoma's choice-of-law principles, a court applies Oklahoma rules to procedural matters, regardless of the applicable substantive law. *Id*. The question then is whether the Oklahoma courts would view the availability of a direct action against an insurer as a procedural issue or a substantive issue.

Although the Oklahoma courts have not characterized direct action statutes recently, one was the subject of Aetna Cas. & Sur. Co. of Hartford. Conn. v. Gentry, 132 P.2d 326 (Okla. 1942). The plaintiff in Aetna, an Oklahoma resident, was injured in Kansas when the vehicle in which she was riding collided with a truck operated by an Illinois corporation. She sued Aetna, the corporation's insurer,[5] in Oklahoma, but did not join the insured trucking company or it driver.[6] The underlying insurance contract was "made in Kansas under Kansas law and pursuant to provisions and requirements of the laws of that state." *Id.* at 331. Aetna appealed the jury verdict in the plaintiff's favor, claiming that although Kansas law permitted

---

[5]*Aetna was a foreign insurance company that was authorized to do business in Oklahoma. It had an office, presumably its principal place of business, in Hartford, Connecticut. Its state of incorporation was not specified in the opinion.*

[6]*Aetna did not challenge either the sufficiency of the evidence establishing the truck driver's negligence or its contractual liability for the negligence that caused the plaintiff's injuries.*

a party to sue the surety on a bond required under a certificate of convenience and necessity without joining the insured motor carrier, that was merely a procedural or remedial right that was not applicable in Oklahoma as the law of the forum did not permit a direct action against the insurer. The Oklahoma Supreme Court held that the law of the state where the contract was made governed its interpretation and that under Kansas law insurance contracts of the type Aetna had issued its insured, which were executed in accordance with the Kansas statutory requirements, were treated as third party beneficiary contracts that created a "type of liability enforceable in this state in a suit against the insurance company alone." *Id*.[7]

As summarized by the Tenth Circuit in Boyd Rosene and Associates. Inc., 174 F.3d at 1123, "[t]he issue in Aetna was whether Kansas or Oklahoma law applied, the former creating a direct cause of action by victims against a tortfeasor's insurer and the latter rejecting direct insurer liability .... Plainly the court concluded that the issue was substantive and thus is consistent with Oklahoma choice-of law principles providing that the law of the state with the most significant relationship to the transaction and the parties governs the contract."[8]

Considering the general principles set out in the Restatement (Second) of Conflict of Law § 6,[9] the significant contacts to be taken into account when contemplating those

---

[7]*Similarly, the Louisiana direct action statute provides in part that: "It is also intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable." La.Rev.Stat.Ann. §22:566(D).*

[8]*The Restatement (Second) of Conflict of Laws § 162, cmt. b, states with respect to direct action statutes that "[t]he law selected by application of the rule of § 145 determines whether an action may be maintained against the liability insurer of the tortfeasor without first having obtained judgment against the latter."*

[9]*Those principles are:*
*(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations,*

principles, *see* Restatement (Second) of Conflict of Law 145,[10] and the Oklahoma Supreme Court's decision in Aetna, the court concludes that the state of Louisiana has the most significant relationship to the direct action issue.[11] While at the time of the accident plaintiffs were Oklahoma residents and the product was purchased here, Strongbuilt, the insured, was a Louisiana company, the product was manufactured in Louisiana and, according to plaintiffs, the insurance policy was delivered to Strongbuilt in Louisiana.

Applying Louisiana's substantive law to the direct action issue, the court concludes plaintiffs may pursue a direct action against Atlantic Insurance Company in this case. Accordingly, Atlantic Insurance Company's motion to dismiss is **DENIED**, as is its motion for leave to file a reply brief [Doc. #68].

**IT IS SO ORDERED**.

Dated this 28th day of July, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*(e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of law to be applied. Restatement (Second) of Conflict of Laws § 6.*

[10]*The contacts which are to be evaluated according to their relative importance with respect to the particular issue are "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Law § 145.*

[11]*Atlantic focuses on the wrong issue when applying the significant relationship test. The "particular issue" is not the underlying tort, but the insurance contract that forms the basis for plaintiffs' direct action.*