**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID RANDALL SMITH AND VICKY SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-02-1450-HE |
| STRONGBUILT, INC., a Louisiana corporation, et al., | ) ) ) ) | |
| Defendants. and | ) ) ) | |
| OUTDOOR OUTFITTERS, L.L.C., | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| SPORTS, INC., | ) ) ) | |
| Third-Party Defendant, | ) | |

## ORDER

Plaintiffs David Randall Smith and Vicky Smith filed this diversity action to recover for injuries Mr. Smith sustained when a ladder tree stand he was in the process of disassembling broke. They initially sued the manufacturer, Strongbuilt, Inc., and subsequently added two defendants — the company that sold the product to Mr. Smith, Outdoor Outfitters ("Outfitters"), and Strongbuilt's insurer, Atlantic Insurance Company ("Atlantic").[1] Outfitters then filed a third-party complaint and asserted a cross-claim against Sports, Inc.("Sports"), the wholesaler or distributor that purchased the tree stand from

---

[1]*This action was stayed for approximately eighteen months due to Strongbuilt's bankruptcy filing.*

Strongbuilt for resale to Outfitters, seeking indemnity and/or contribution.[2]

Sports has filed a motion to dismiss the third-party complaint and cross-claim pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a), contending venue is improper. The third-party defendant asserts that the parties' agreement contains a mandatory forum selection clause that, at its option, limits jurisdiction and venue of any contractual dispute to a specific state court in Montana. Consequently, Sports contends, the third-party complaint and cross-claim should be dismissed without prejudice to refiling in the proper forum.

Outfitters responds that the agreement containing the forum selection clause is essentially a credit application that imposes obligations on Outfitters but not Sports. It is not, Outfitters argues, a contract governing the entire relationship between the parties and does not address any issues pertinent to this negligence/products liability lawsuit and its indemnity/contribution claim. While the clause might establish venue for any contractual disputes between the two parties, Outfitters maintains it is inapplicable to this tort action arising from an allegedly defective product.[3] Outfitters also argues that the interests of

---

[2]*Sports disputes Outfitters' characterization of its role in the distribution chain. It asserts that it operates merely as a broker, providing retailers with discount prices from manufacturers and linking manufacturers with buyers. The company contends it contracted with Outfitters to provide these services and neither manufactures nor takes possession of any of the products.*

[3]*The court is not persuaded by the contract/tort dichotomy urged by Outfitters and finds the forum selection clause applies to its indemnity/contribution claim against Sports. See <u>Terra Int'l, Inc. v. Mississippi Chem. Corp.</u>, 119 F.3d 688, 690-95 (8th Cir. 1997) (tort claims involving same operative facts as would a parallel claim for breach of contract covered by forum selection clause applying to "[a]ny dispute or disputes arising between the parties hereunder"); <u>Lambert v. Kysar</u>, 983 F.2d 1110, 1121-22 (1st Cir. 1993) (contract-related tort claims involving same operative facts as parallel claim for breach of contract are governed by forum selection clause); <u>Manetti-Farrow, Inc. v. Gucci America, Inc.</u>, 858 F.2d 509, 514 (9th Cir. 1988) (tort causes of action were within scope of forum selection clause as they related to "the central conflict over the interpretation" of the contract); <u>Knight Oil Tools, Inc. v. Unit Petroleum Co.</u>, 2005 WL 2313715 at *12 (D.N.M. Aug. 31, 2005) (forum selection clause pertaining to "any action involving this contract" applied to breach of contract and tort claims).*

judicial economy would not be served if the clause it refers to as nonnegotiated, inconspicuous boilerplate is given effect. Finally, Outfitters contends the clause can only be construed as permissive and, therefore, allows, but does not require, that its indemnity claim against Sports be filed in Montana state court.

The initial issue is whether state or federal common law governs the validity and interpretation of the forum selection clause in this diversity case. The answer depends on the issue's characterization as procedural or substantive. Under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), if forum selection clauses are treated as procedural, then federal law applies, if substantive, then the court follows the law of the forum state.

The Tenth Circuit has not addressed the question, Excell, Inc. v Sterling Boiler & Mech., Inc., 106 F.3d 318, 320 (10th Cir. 1997), and other circuit courts have reached conflicting results. *Compare* Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509 (9th Cir. 1988) *with* General Engineering Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356-57 (3rd Cir. 1986). Several, however, have concluded that "[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." Jones v. Weibrecht, 901 F.2d 17, 19 (2nd Cir. 1990). Accord Manetti-Farrow, 858 F.2d at 512-13. In supplemental briefs addressing the Erie question, Outfitters asserts that federal common law applies, while Sports contends the issue is substantive and controlled by Oklahoma law.[4]

The Ninth Circuit considered the dual goals of the Erie rule – to discourage forum-shopping and avoid the inequitable administration of the laws – when determining whether

---

[4]*Forum selections clauses are enforceable under either federal common law or Oklahoma law.*

federal or state law applies to forum selection clauses in Manetti-Farrow, 858 F.2d at 513. The court concluded that federal interests outweigh state interests on the issue, relying on the Eleventh Circuit's analysis in Stewart Org., Inc. v. Ricoh Corp. 810 F.2d 1066, 1068 (11th Cir. 1987), *aff'd on other grounds*, 487 U.S. 22 (1988).  In Stewart the Eleventh Circuit noted that Congress has enacted both rules of venue (28 U.S.C. §§ 1391-1413) that apply in diversity actions and federal procedural rules (Fed.R.Civ.P. 12(b)(3) and 41(b)) that direct the federal courts in deciding venue questions.  If venue is governed by the law of the forum state, "'the federal venue statute would be nugatory.  Nor would there be any legitimacy to the Federal Rules that govern certain aspects of venue, for they would tread on state prerogatives.'" *Id*. at 513 (quoting Stewart, 810 F.2d at 1068).

Following the Second, Ninth, Eleventh Circuits, the court concludes federal common law will be applied to determine both the validity and interpretation of the forum selection clause in the Sports-Outfitter agreement.  *See* Lambert v. Kysar, 983 F.2d 1110, 1116 n. 10 (1st Cir. 1993) (discussing conflict on the issue among the circuit courts, and even between different panels of the same circuit); Knight Oil Tools, Inc. v. Unit Petroleum Co., 2005 WL 2313715 at *9 (D.N.M. Aug. 31, 2005) (citing 17 J. Moore, Moore's Federal Practice ¶111.04[3][c] (3d ed. 2004) for statement that majority of courts, when addressing motions to dismiss based on forum selection clauses, apply federal, rather than state, law to determine the clauses' enforceability).

Under federal law, forum selection clauses are *prima facie* valid and "enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992).  Outfitters has not demonstrated that application of the clause would be unfair or unreasonable, as there is no

evidence of overreaching by Sports, that Sports had unequal bargaining power, that Montana would be a seriously inconvenient forum or that Outfitters would be deprived of its day in court if forced to ligate there.[5]  Excell, 106 F.3d at 321.  *See* Milk 'N' More, 963 F.2d at 1346 (party failed to make an evidentiary showing that forum selection clause was obtained through overreaching); Lambert, 983 F.2d at 1119 ("alleged overreaching must be based on something more that the mere fact that the clause was a 'boilerplate' provision printed on the back of a form contract").  Outfitters also has not shown that the clause is inapplicable because the document containing it was merely a credit application.  The parties' relationship was governed by the Application and Agreement,[6] which contained the clause, and the Shareholder Responsibilities policy.  Exhibit A, Sports' motion to dismiss; Exhibit B, Sports' reply brief.  The credit application was a different, separate document.  Exhibit A, Sports' reply brief.

Having concluded the clause is valid, the court must now determine whether it is mandatory or permissive.  *See* K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 498 (10th Cir. 2002). "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* (internal citation and quotations omitted).  The pertinent clause in the Sports-Outfitters' agreement states:

---

[5]*While there might be some waste of judicial resources if Outfitter's indemnity claim is dismissed, the third-party plaintiff has not shown that the potential duplication of judicial proceedings overrides the forum selection clause.*

[6]*There were two Application and Agreements, one for provisional membership in Sports. See Exhibit A, Sports' motion to dismiss.*

> At the option of SPORTS, INC., any dispute arising out of this instrument shall be adjudicated in the District Court of the Tenth Judicial District of the State of Montana, in and for the County of Fergus, sitting at Lewistown, Montana with personal jurisdiction hereby in the state in which the signers of this instrument may be found...

Exhibit A, ¶8, Sports' motion to dismiss. The majority rule is that "'where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.'" K & V Scientific Co., 314 F.3d at 499 (quoting Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir.1992)). *Accord* American Soda, LLP v. U.S. Filter Wastewater Group, Inc., ___ F.3d ___, ___ (10th Cir. 2005) (forum selection clause enforced as mandatory when parties' designation of particular county or court is accompanied by obligatory or mandatory language).

The clause in the Sports-Outfitters contract specifies venue (the specific district court) and uses obligatory language (shall). *See* Milk 'N' More, 963 F.2d at 1346 ("The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made."). It is virtually indistinguishable from that found to be mandatory in Milk 'N' More. The clause in that case provided that:

> The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that *venue shall be proper under this agreement in Johnson County, Kansas.*

*Id.* at 1343. Venue provisions construed as permissive include language such as "'an action *may be maintained*." SBKC Service Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578,

581-82 (10th Cir. 1997).[7]  *See* K & V Scientific Co., 314 F.3d at 496 (permissive clause provided that "'[j]urisdiction for all and any disputes arising out of or in connection with this agreement is Munich. All and any disputes arising out of or in connection with this agreement are subject to the laws of the Federal Republic of Germany.'").

"Keeping in mind the mandatory/permissive dichotomy, and giving the language of the clause its plain meaning," Excell, 106 F.3d at 321, the court concludes the forum selection clause is mandatory and requires, at Sports' election, that Outfitter's indemnity/contribution claim be brought in the Fergus County district court of Montana's Tenth Judicial District in Lewistown, Montana.[8]  *See id.* at 321; American Soda, ___ F.3d at ___.

Accordingly, Sports' motions to dismiss [Doc. Nos. 72, 102] are **GRANTED**. Outfitters third-party complaint and cross-claim against Sports are dismissed without prejudice for improper venue.

---

[7]*In* SBKC Service Corp., *the Tenth Circuit clarified that the term "forum selection clause" "should be applied only to agreements which clearly confine litigation to specific tribunals to the exclusion of all others," i.e., mandatory clauses.* SBKC Service Corp.,*105 F.3d at 582.*

[8]*Outfitters argues that the clause is ambiguous and confusing as it pertains to personal jurisdiction. The clause provides that at Sports' option disputes arising out of the agreement would be adjudicated in Montana district court in Lewistown "with personal jurisdiction hereby in the state in which the signers of this instrument may be found. While the drafting could certainly be clearer, construing the clause as a whole, it provides that venue would lie only in Montana, if Sports so elected. Otherwise the parties agreed to submit to the jurisdiction of the courts in the states where the contracting parties could be served. See generally* Dawson v. Fitzgerald*, 189 F.3d 477, 1999 WL 651413 (10th Cir. Aug. 26, 1999) (forum selection clause that lacked any reference to jurisdiction, but provided that "' all parties agree that venue is proper in the District Court of Eagle County, Colorado,'" mandated that suit be brought in Colorado state court).* Dawson *is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B*

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE