### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID RANDALL SMITH, ET AL.,    )<br>)<br>Plaintiffs,                      )<br>)<br>v.                                    )<br>)<br>STRONGBUILT, INC., a Louisiana     )<br>corporation; OUTDOOR OUTFITTERS, )<br>L.L.C., an Oklahoma Corporation;     )<br>and ATLANTIC INSURANCE          )<br>COMPANY, a Stock Insurance Company, )<br>)<br>Defendants.            )<br>)<br>and                                 )<br>)<br>OUTDOOR OUTFITTERS, L.L.C., an )<br>Oklahoma Corporation,            )<br>)<br>Third-Party Plaintiff,    )<br>)<br>vs.                                   )<br>)<br>SPORTS, INC.,                  )<br>)<br>Third-Party Defendant.  )| Case No. CIV-02-1450-HE |

## **ORDER**

      Plaintiffs David Randall Smith and Vicky Smith filed this diversity action to recover for injuries Mr. Smith sustained when a tree ladder-stand he was in the process of disassembling broke. They sued the manufacturer, Strongbuilt, Inc., the company that sold the product to Mr. Smith, Outdoor Outfitters, and Strongbuilt's insurer, Atlantic Insurance

Company ("Atlantic").[1] The plaintiffs subsequently amended their complaint to add Sports, Inc. ("Sports") as a defendant, claiming it either "designed, manufactured, distributed, sold and/or otherwise placed" the tree ladder-stand into the stream of commerce. Second Amended Complaint, ¶ 5. The complaint includes products liability (defective design and/or manufacture and inadequate warnings) and breach of express and implied warranty claims. Sports has filed a motion to dismiss, contending the plaintiffs' claims are barred by the applicable statutes of limitations.[2]

Sports contends the plaintiffs' products liability and implied warranty claims are governed by a two year statute of limitations.[3] 12 Okla. Stat. § 95. The defendant assumes the plaintiffs' implied warranty claim has merged with their products claim and does not address it as a separate claim filed under the Uniform Commercial Code. *See* O'Neal v. Black & Decker Mfg. Co., 523 P.2d 614, 615 (Okla. 1974) ("'The theory of implied warranty recovery for injuries to person heretofore existing in this jurisdiction is merged into the theory and doctrine of manufacturers' products liability, and except for Uniform Commercial Code application, is no longer viable.'") (quoting Kirkland v. General Motors, 521 P.2d

---

[1]*This action was stayed for approximately eighteen months due to Strongbuilt's bankruptcy filing.*

[2]*As both parties cite Oklahoma law, they apparently agree that it governs the limitations issues. They also agree that a products liability claim has a two year limitations period and warranty claims under the Uniform Commercial Code are governed by a five year period. See infra note 3.*

[3]*A products liability claim based on a theory of implied warranty is governed by a two year limitations period. See O'Neal v. Black & Decker Mfg. Co., 523 P.2d 614, 615 (Okla. 1974).*

1353 (Okla. 1974) (Syllabus 7)). As the accident occurred on May 10, 2002, Sports asserts that the limitations period expired before the plaintiffs filed their second amended complaint adding it as a defendant on Sept 14, 2005.[4]

The plaintiffs do not dispute that the limitations period for their products liability claim is two years. They deny, however that their implied warranty claim merged with it. They also deny that their products claim is untimely. They claim the limitations period did not run from the date of injury, but instead, under the discovery rule, commenced on the date they learned that Sports was a link in the chain of distribution. The plaintiffs assert they did not learn of Sports' role in the sale of the ladder-stand until Outdoor Outfitters filed a third-party complaint against the company.

Assuming the discovery rule could apply in these circumstances, the plaintiffs could have learned of Sports' identity before the expiration of the limitations period. Although they contend they were prevented from conducting discovery by the stay entered when Strongbuilt filed bankruptcy, that did not preclude the plaintiffs from filing suit against Outdoor Outfitters, the retailer which sold them the allegedly defective product. The plaintiffs' products liability claim against Sports was filed outside the limitations period and will be dismissed.

---

[4]*Sports argues that even if the 18 month period during which the case was stayed pending Strongbuilt's bankruptcy is excluded, the statutory period still expired before it either was served with the second amended complaint or received notice of the suit based on the third-party complaint filed against it by Outdoor Outfitters on June 6, 2005. Sports miscalculates the time, though, as an 18 month exclusion would result in the two year limitations period ending in November, 2005. However, the stay did not toll the limitations period as to, or otherwise affect, parties other than the debtor, Strongbuilt.*

Sports contends the plaintiffs' express warranty claim fails because it functioned merely as a broker in the sale, rather than a manufacturer or retailer. As noted by the plaintiffs, Sports' status as a broker is an "unsupported factual assertion." At this stage of the proceeding the court merely considers the complaint, accepting its well-pleaded allegations as true and construing them in the light most favorable to the plaintiffs. Southern Disposal, Inc. v. Texas Waste Mgmt., 161 F.3d 1259, 1262 (10th Cir.1998). The defendant may subsequently reurge this argument in a summary judgment motion, if appropriate.

Because the plaintiffs alleged an implied warranty claim under the Uniform Commercial Code, it does not merge with their products liability claim. *See* O'Neal v. Black & Decker Mfg. Co., 523 P.2d 614, 615 (Okla. 1974). It, like the plaintiffs' express warranty claim, is governed by a five year, rather than two year, statute of limitations. 12A Okla. Stat. § 2-725(1); *See* Barker v. Allied Supermarket, 596 P.2d. 870, 876 (Okla. 1979). As the second amended complaint was filed within five years of the accident, the plaintiffs' warranty claims against Sports are not time-barred.

Accordingly, Sports' motion is **GRANTED** as to the plaintiffs' products liability claim and **DENIED** as to the plaintiffs' breach of express and implied warranty claims.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE